**NATIONAL PAINT & COATINGS ASSOCIATION, INC.,**
Petitioner—Appellee,

v.

**SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT (SCAQMD),**
Respondent—Appellant.

No. 04–56241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided July 27, 2006.

Jeffrey B. Margulies, Esq., Fulbright & Jaworski, LLP, Los Angeles, CA, for Petitioner–Appellee.

Mark I. Weinberger, Esq., Shute, Mihaly and Weinberger, San Francisco, CA, Daniel P. Selmi, Esq., Los Angeles, CA, for Respondent–Appellant.

Before: HAWKINS and PAEZ, Circuit Judges, and WAKE,* District Judge.

## MEMORANDUM **

South Coast Air Quality Management District ("SCAQMD") appeals the district court's order remanding to state court a civil action brought against it by National Paint and Coatings Association, Inc. ("NPCA"). SCAQMD removed the case on the basis of diversity and federal officer removal jurisdiction, 28 U.S.C. §§ 1441(a) and 1442(a). Although NPCA's motion to remand was untimely, the district court remanded the case on the grounds that (i) it lacked diversity jurisdiction because SCAQMD, a citizen of the forum state, violated the forum defendant rule contained in 28 U.S.C. § 1441(b), which constitutes a non-waivable jurisdictional defect; and (ii) it lacked federal officer removal jurisdiction because SCAQMD is not a "person" within the meaning of 28 U.S.C. § 1442(a)(1). SCAQMD disputes both rulings.

Concurrent with the filing of this memorandum, we filed an opinion in *Lively v. Wild Oats Market, Inc.*, No. 04–56682, which disposes of the forum defendant rule issue in this case. In *Lively*, we held that the forum defendant rule is procedural, or non-jurisdictional, and thus a violation of this rule is a waivable defect subject to the 30–day time limit of 28 U.S.C. § 1447(c). Accordingly, the district court in the present case erred in remanding the case to state court because NPCA failed to move to remand the case within the 30–day time limit of § 1447(c).

As the parties conceded at oral argument, if the forum defendant rule is procedural, we must vacate the remand order, regardless of the existence *vel non* of federal officer removal jurisdiction. Thus, in light of *Lively*, we need not address the federal officer removal issue.

For the reasons articulated in *Lively*, we vacate the district court's remand order

---

* The Honorable Neil V. Wake, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

and remand for further proceedings consistent with this disposition.

**ORDER VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.